**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETTA SCALERA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION et al.,<br><br>　　　　　Defendants. | Civil Action No. 21-14425<br><br>**OPINION & ORDER**<br><br>January 21, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Plaintiff Elizabetta Scalera's ("Plaintiff") Motion for Reconsideration. (ECF 48, "Motion.") Defendant Costco Wholesale Corporation ("Costco" or "Defendant") opposed the motion. (ECF 51, "Opp.") The Court has decided this Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Plaintiff's Motion for Reconsideration is **DENIED**.

**WHEREAS** this action arises from Plaintiff's initial allegations that on May 10, 2019, while at the Clifton, New Jersey Costco warehouse, she was caused to fall due to a crushed strawberry on the floor. (ECF 38-3, Def. SOMF ¶ 1.) On June 28, 2024, this Court granted Defendant's motion for summary judgment. (*See* ECF 46, "June Opinion.") To the extent relevant to the instant motion, the Court incorporates the factual and procedural history from the June Opinion herein; and

**WHEREAS** a party moving for reconsideration of an order of this Court must file its motion within fourteen (14) days after the entry of that order and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quotation marks omitted). A motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). A motion for reconsideration may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quotation marks and italics omitted). Such a motion is "not a vehicle for a litigant to raise new arguments." *CPS Medmanagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013); *see Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) (explaining a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached); and

**WHEREAS** Plaintiff's motion for reconsideration is based solely on arguments and case law regarding constructive notice, an issue already decided by the Court's June Opinion. Despite Plaintiff's contentions, efforts here to relitigate her constructive notice argument are not proper. Plaintiff fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its Order, or an error of fact or law that, if left

uncorrected, would result in manifest injustice; therefore, Plaintiff's motion for reconsideration (ECF 48) is hereby **DENIED**; and

**IT IS** on this 21st day of January 2025,

**ORDERED** that Plaintiff's motion for reconsideration (ECF 48) is **DENIED.**

**SO ORDERED.**

<i>/s/ Jamel K. Semper</i><br>
**HON. JAMEL K. SEMPER**<br>
**United States District Judge**

Orig:   Clerk
cc:     Leda D. Wettre, U.S.M.J.
        Parties